UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 6:20-cv-03245 ) ) |
| BOARD OF GOVERNORS OF MISSOURI STATE UNIVERSITY, LEXINGTON INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, DOUG SAMPSON, STEVE LEMAY LLC, CAROL LEMAY, KEITH LEMAY, AMBER DEVRIES, JAMES FULLER, NATHAN GRAHAM, TOWER CONSULTANTS, INC., JEAN LECORDIER, JIANTAO YU, MOSES B. BERRY, and WILLIAM E. BARNHART, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Westchester Fire Insurance Company ("Westchester"), for its Complaint for Interpleader against the Board of Governors of Missouri State University (the "Board of Governors"), Lexington Insurance Company ("Lexington"), Zurich American Insurance Company ("Zurich"), Doug Sampson ("Sampson"), Steve LeMay LLC ("LeMay LLC"), Carol LeMay, Keith LeMay, Amber Devries ("Devries"), James Fuller ("Fuller"), Nathan Graham ("Graham"), Tower Consultants, Inc. ("TCI"), Jean LeCordier ("LeCordier"), Jiantao Yu ("Yu"), Moses B. Berry ("Berry"), and William E. Barnhardt ("Barnhardt"), states as follows:

## THE PARTIES

1. Westchester is an insurance company incorporated under the laws of Pennsylvania with its principal place of business located in Pennsylvania.

2. The Board of Governors is vested with governmental oversight over Missouri State University ("MSU"), a higher education institute, pursuant to Mo. Rev. Stat. § 174.450, and is capable of suing and being sued at MSU's main campus located in Springfield, Missouri. At all times relevant, MSU owned and operated a transmission tower in Webster County, Fordland, Missouri (the "Tower").

3. Lexington is a Delaware corporation with a principal place of business in Massachusetts.

4. Zurich is a New York corporation with a principal place of business located in Illinois.

5. LeMay LLC is a Washington limited liability company with a principal place of business located in Washington. All members of LeMay LLC are, upon information and belief, citizens of the State of Washington.

6. Sampson is, upon information and belief, a citizen and resident of the State of Missouri.

7. Fuller is, upon information and belief, a citizen and resident of the State of Washington.

8. Graham is, upon information and belief, a citizen and resident of the State of Washington.

9. Carol LeMay is, upon information and belief, a citizen and resident of the State of Washington.

10. Keith LeMay is, upon information and belief, a citizen and resident of the State of Washington.

11. DeVries is, upon information and belief, a citizen and resident of the State of Washington.

12. TCI is a South Carolina corporation with a principal place of business located in South Carolina.

13. LeCordier is, upon information and belief, a citizen and resident of the State of South Carolina.

14. Yu is, upon information and belief, a citizen and resident of the State of South Carolina.

15. Berry is, upon information and belief, a citizen and resident of the State of South Carolina.

16. Barnhardt is, upon information and belief, a citizen and resident of the State of South Carolina.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

18. This Court also has jurisdiction under 28 U.S.C. § 1335 because (a) Westchester has issued an insurance policy with a remaining liability limit of $500 or more, (b) two or more adverse claimants of diverse citizenship are claiming to be entitled to the benefits of that policy, and (c) Westchester has deposited the remaining liability limit into the registry of the Court, there to abide the judgment of the Court.

19. Venue is proper pursuant to 28 U.S.C. § 1391 because one or more defendants reside in this judicial district or a substantial part of the events giving rise to the action occurred in this judicial district.

## THE POLICY

20. Westchester issued a commercial general liability policy to LeMay LLC, Policy No. G28191698 002 for the policy period December 1, 2017 through December 1, 2018 (the "Policy").

21. Westchester issued the Policy to LeMay LLC in the state of Washington.

22. The Policy provides bodily injury and property damage liability coverage with a single occurrence limit of $1,000,000.

23. The Policy includes endorsements which permit coverage of additional insureds consistent with the terms and conditions set forth in the Policy.

## STATEMENT OF FACTS

24. On October 23, 2017, the Board of Governors entered into a contract with TCI in which TCI agreed to prepare engineering plans for structural modifications to reinforce MSU's Broadcast Tower known as the KOZK Tower (the "Tower Project").

25. LeCordier, Yu, Berry, and Barnhardt were employees of TCI who assisted in the preparation of the engineering plans for the Tower Project.

26. LeMay LLC contracted with the Board of Governors on December 14, 2017 to perform the work on the Tower relative to the Tower Project in accordance with the engineering plans prepared by TCI.

27. As part of the Tower Project, the contract required LeMay LLC to insure MSU, the Board of Governors, its members, agents and employees as additional insureds under the Policy.

28. On April 16, 2018, LeMay LLC began its on-site work on the Tower Project.

29. Steve LeMay, Fuller, and Graham were employees of LeMay LLC who performed work on the Tower Project in the scope of their employment for LeMay LLC.

30. The Tower collapsed on April 19, 2018 while LeMay LLC, through its employees or agents, including, but not limited to Steve LeMay, Fuller, and Graham, were performing work on the Tower (the "Tower Collapse").

31. Steve LeMay died from injuries caused by the Tower Collapse.

32. Fuller and Graham sustained injuries caused by the Tower Collapse.

33. The Tower Collapse destroyed the Tower and caused damage to other property.

34. Westchester made a single indemnity payment under the Policy in the amount of $6,420.50 for a damaged vehicle caused by the Tower Collapse. The Policy therefore has $993,579.50 in remaining liability coverage for bodily injury and property damage resulting from this occurrence.

35. Lexington and Zurich paid policy proceeds to MSU in connection with a first-party property insurance claim for the Tower Collapse that exceeded the limits of the Policy. In connection with that payment, MSU assigned "title to all claims, rights, and causes of action of any kind or nature for any and all damages sustained by" MSU to Lexington and Zurich arising from the events connected with the Tower collapse "against all persons or entities, who are or may be liable and/or responsible for the damages."

36. On March 9, 2020, Lexington and Zurich, as assignees of the Board of Governors, filed a petition in the Circuit Court of Greene County, Missouri, against TCI, LeCordier, Yu, Berry, and LeMay LLC, Case No. 2031-CC00309, to recover damages for property damage resulting from the Tower Collapse (the "Subrogation Suit").

37. On April 22, 2020, Carol LeMay, Keith LeMay, and Devries filed a motion to intervene in the Subrogation Suit. Carol LeMay, Keith LeMay and Devries seek to recover under Missouri's Wrongful Death Statute against TCI, LeCordier, Yu, and Berry.

38. On April 24, 2020, Fuller filed a motion to intervene in the Subrogation Suit. Fuller seeks to bring professional negligence, negligence *per se*, general negligence and premises liability counts against TCI, LeCordier, Yu, Berry, and Barnhardt. Fuller separately seeks to bring counts of negligence, negligence *per se* and professional negligence against Sampson and premises liability counts against the Board of Governors.

39. On May 22, 2020, Graham filed a motion to intervene in the Subrogation Suit. Graham seeks to bring negligence *per se* and general negligence counts against TCI, LeCordier, Yu, Berry, and Barnhardt. Graham separately seeks to bring counts of negligence *per se* and general negligence against Sampson and negligence counts against the Board of Governors.

## COUNT I – CLAIM FOR INTERPLEADER

40. Westchester restates and realleges the allegations contained in paragraphs 1 through 39 of its Complaint for Interpleader as if fully stated herein.

41. Westchester is an insurance company which issued the Policy providing bodily injury and property damage liability coverage to LeMay LLC as the named insured, subject to the Policy's terms, conditions, and exclusions.

42. The Policy also provides bodily injury and property damage liability coverage to additional insureds subject to the terms, conditions, and exclusions, including MSU, the Board of Governors, and Sampson.

43. Defendants are adverse claimants, and either have or may make competing claims for property damage or bodily injury against the coverage available under the Policy.

44. Defendants' claims are adverse and independent of one another.

45. The Defendants' claims are all actual or potential claims against Westchester's insureds arising from the Tower Collapse.

46. Westchester and its insureds are exposed to multiple liability by Defendants' competing claims as the total amount of Defendants' claims against Westchester and its insureds well exceeds the remaining $993,579.50 per-occurrence limit for this occurrence.

47. The property damage and bodily injury claims arising from the Tower Collapse arose at the site of the Tower in Webster County, Missouri.

48. Westchester is a disinterested stakeholder regarding the distribution of the Policy funds and has deposited the remaining funds available in the Policy for the Tower Collapse into the Registry of the Court for distribution to Defendants as this Court shall order.

**WHEREFORE**, Westchester requests the following relief from this Court:

A. The Court declare the rights of the parties concerning the remaining $993,579.50 Policy funds, which constitute the interpleaded proceeds, and distribute those proceeds to the Defendants;

B. The Court order that Westchester shall not be liable to pay any amount in excess of the interpleaded proceeds to the Defendants or any other person or entity entitled to liability coverage under the Policy resulting from the Tower Collapse;

C.     The Court order that Westchester shall not be liable to pay any amount in excess of the interpleaded proceeds to Defendants or any other individual or entity claimant who seeks damages resulting from the Tower Collapse;

D.     The Court order that, upon distribution of the interpleaded proceeds to Defendants or any other individual or entity claimant who seeks damages resulting from the Tower Collapse, Westchester shall have no further duty to defend or indemnify any insured, including, but not limited to Lemay LLC, MSU, the Board of Governors, and Sampson, for any claim, loss, liability, or expense arising out of the Tower Collapse; and

E.     Any and all further relief this Court deems just and proper.

Christopher A. Wadley  (*pro hac vice* pending)
Kyle Seay                       (*pro hac vice* pending)
WALKER WILCOX MATOUSEK LLP
One North Franklin, Suite 3200
Chicago, IL 60606
Phone: 312-244-6700
Email: cwadley@walkerwilcox.com
           kseay@walkerwilcox.com

*/s/ John J. Gates*
John J. Gates            (MO Bar# 51280)
Molly B. Westering    (MO Bar# 54682)
GATES WESTERING, LLC
701 East 63rd Street, Suite 350
Kansas City, MO 64110
Phone: 816-448-8530
Email: john@gateswestering.com
           molly@gateswestering.com

ATTORNEYS FOR PLAINTIFF